# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 17-cr-20550

v.                             Judith E. Levy
                             United States District Judge

Malik Dayquan McCaster,

                Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE [65]

Before the Court is Defendant Malik Dayquan McCaster's motion for reduction of sentence or compassionate release. (ECF No. 65.) On April 30, 2019, Defendant was sentenced to 120-months' imprisonment after he pleaded guilty to sex trafficking of children under 18 U.S.C. § 1591(a)(1). (ECF No. 56.) He is currently incarcerated at FCI McKean in Pennsylvania. (*See* ECF No. 73.) On February 19, 2021, Defendant filed a request to be "placed on te[]ther or house arrest," which the Court

construes as a motion for compassionate release and/or reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 65.)

On March 18, 2021, the Court ordered the government to file a response to Defendant's motion on or before April 6, 2021. (ECF No. 69.) The parties then stipulated to four extensions of time to allow Defendant to supplement the record and have "additional time to fully exhaust his administrative remedies under 18 U.S.C. § 3582[](C)(1)(A)." (*See* ECF Nos. 70–73.) The most recent stipulation—filed on August 17, 2022— gave Defendant until October 15, 2022 to supplement the record. (ECF No. 73.) The stipulation also specified that "the government is not required to respond until twenty-one days (21) after the supplemental information is filed." (*Id.*) Neither party has taken any action after the August 17, 2022 stipulation was entered.

In order to bring a motion for compassionate release, a Defendant must "'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (quoting 18 U.S.C.

---

[1] In subsequent filings, the parties refer to Defendant's request as a motion for compassionate release or reduction of sentence. (*See* ECF Nos. 70–73.)

§ 3582(c)(1)(A)). The exhaustion requirement is "a mandatory condition." *Id.*

Even though Defendant had multiple opportunities to supplement the record, the Court has received no information to support that Defendant met the exhaustion requirement. (*See* ECF Nos. 65, 70–73.) Accordingly, Defendant's motion for compassionate release is denied without prejudice.

IT IS SO ORDERED.

Dated: April 18, 2023          s/Judith E. Levy
     Ann Arbor, Michigan          JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2023.

                                   s/William Barkholz
                                   WILLIAM BARKHOLZ
                                   Case Manager